UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20395-Civ-Huck/O'Sullivan

VICTORY INTERNATIONAL (USA), LLC,

     Plaintiff,

vs.

PERRY ELLIS INTERNATIONAL, INC.; *et. al.*,

     Defendants.

_____/

### DUTY FREE DEFENDANTS' MOTION FOR PROTECTIVE ORDER OR TO STAY DISCOVERY FROM NON-PARTY FRAGRANCE DEALERS

Pursuant to Fed. R. Civ. P. 26(c), Defendants Falic Fashion Group, LLC, ("FFG") Simon Falic, Leon Falic, Jerome Falic and Duty Free Americas, Inc. (collectively, "Duty Free Defendants") hereby move this Court for the entry of an order prohibiting Plaintiff Victory International (USA), LLC ("Victory") from obtaining information from sixteen non-party fragrance dealers, or alternatively, staying such discovery until this Court resolves the Duty Free Defendants' motion to dismiss Victory's Second Amended Complaint, and the antitrust claim in particular.[1]  In support of this motion, the Duty Free Defendants state:

*Introduction*

On March 31, 2008, Plaintiff Victory International (USA) LLC. ("Victory") filed a Second Amended Complaint ("Complaint") against the Duty Free Defendants, Perry Ellis International, Inc. ("PEI"), former executives of Parlux Fragrances, Inc. ("Parlux") and others. Victory is the losing bidder for the license to manufacture and distribute Perry Ellis fragrances.

---

[1]    As set forth herein, Plaintiff served subpoenas on fourteen fragrance dealers on April 14, 2008; two more were subpoenaed on April 17, 2008.   This motion is directed to all sixteen subpoenas.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

For many years, Parlux held an exclusive license to manufacture and distribute Perry Ellis fragrances. (Compl. ¶ 3.)  Victory signed a letter of intent to sublicense the fragrance license. (*Id.* ¶ 43.)  PEI, however, disapproved the assignment to Victory. (*Id.* ¶ 6.)  (The license required PEI's consent prior to assignment, *see Id.* ¶ 6.)  PEI subsequently bought back the license from Parlux, and entered into an exclusive licensing agreement with FFG. (*Id.* ¶ 7.)

In its Complaint, Victory alleges that the defendants formed a secret conspiracy to "(1) deprive[e] Victory of the Perry Ellis License; (2) prevent[] Victory from competing in the fragrance business against the competitor conspirators; and (3) put[] the … licensing rights … in the hands of cooperative competitor – FFG." (*Id.* ¶ 8.)

The Complaint is fundamentally illogical because the very point of an "exclusive" license is that only one company can hold it at any particular time.  Parlux held the Perry Ellis license – exclusively – for many years; Victory hoped to become the exclusive licensee; but FFG actually acquired the license from Perry Ellis, and it now serves in that capacity.  None of these companies, however, violated antitrust laws by acting, or hoping to act, as the exclusive manufacturer and distributor of Perry Ellis perfumes.  Simply put, FFG did not violate antitrust law by bargaining for and obtaining the exclusive Perry Ellis fragrance license, any more than Victory would have had it succeeded in acquiring the exclusive license.  For this reason, and numerous others, the Duty Free Defendants have moved to dismiss the Complaint, as have all the defendants.

Nevertheless, in a blatant attempt to disrupt FFG's business, as well as to fish for competitive information, Victory has served sixteen identical subpoenas duces tecum on various entities, all of which are fragrance wholesalers, distributors, retailers or all (hereinafter, the

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

"Fragrance Dealers").[2]  Victory demands that the Fragrance Dealers produce documents

regarding (among other things):

- Purchases of Perry Ellis fragrances since January 1, 2005;

- Pricing for Perry Ellis purchases and sales since January 1, 2005;

- Victory or its principal Anil Monga;

- Quantity of Perry Ellis fragrance purchases since January 1, 2005; and

- "Gray Market Sales of products encompassed by the Perry Ellis Fragrance License."[3]

(*See* DE 197, Non-Party Grupo Tulin's Motion to Quash.)

What these subpoenas demonstrate is that Victory hopes to use this litigation (and

particularly its trumped up antitrust claim) to fish for information, that, although irrelevant to the

any actual claims in the case, may lend it a competitive advantage in the fragrance market where

it actively competes.  But this Court may and should limit Victory to information relevant to

viable claims in the case.  Thus, for all the reasons described below, the Court should enter a

protective order.

## ARGUMENT

### A.    Standards Under Rule 26

Under Rule 26, a party has standing to seek a protective order regarding a subpoena

issued to non-parties where the party's interests are jeopardized and the documents sought are

irrelevant to the issues in the case. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231

F.R.D. 426, 429 (M.D. Fla. 2005).  Rule 26(c)(1) specifically states that a "party or any person

---

[2]    To be clear, some of the Fragrance Dealers have had business dealings with the Duty Free Defendants.

[3]    This particular request underscores that these subpoenas are complete fishing expeditions.  Although Victory is traveling on its third lengthy complaint, the word "Gray" has not appeared in any of them.

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900   F: 305.858.5261
Email:  info@coffeyburlington.com   www.coffeyburlington.com

from whom discovery is sought may move for a protective order in the court where the action is pending." *See* Fed. R. Civ. P. 26(c)(1).  The decision to enter a protective order is discretionary and does not depend on a legal privilege.  *Farnsworth v. Proctor & Gamble Co.,* 758 F.2d 1545, 1448 (11th Cir. 1985).

Upon a showing of good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26 ( c).  The party seeking a protective order has the burden to demonstrate good cause, and must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" in support of the protective order. *Auto-Owners,* 231 F.R.D. at 429, *U.S. v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

The scope of the discovery is limited to matters "reasonably calculated to lead to admissible evidence." *See* Fed. R. Civ. P. 26(b)(1).  It is also constrained by the following guidelines:

> i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in account the needs of the case, the amount in controversy, the parties' resources, and the importance of proposed discovery in resolving issues.

*See* Fed. R. Civ. P. 26(b)(2)( c).

Whether information sought to be disclosed is relevant is a factor to be considered by the court when assessing whether the subpoena constitutes an undue burden.  *Mfr. Direct, LLC. v. Directbuy, Inc.,* 2007 WL 496382 * 3 (N.D. Ind. Feb. 12, 2007).  Information that is relevant goes to the claims and defenses of a case. *Id.,* 2007 WL 496382 * 2.

**B.**     **Victory Is Attempting to Obtain Discovery with Competitive Advantage**

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

Federal courts bar disclosure of "confidential … commercial information."  *See* Fed. R. Civ. P. 26(c)(7).  "Good cause" is shown where "trade secrets or other confidential research, development, or other commercial information produced in discovery may contain competitively sensitive information the disclosure of which to individuals involved in competitive decisionmaking could intentionally, or inadvertently, give the receiving individual a competitive advantage."  *Lockheed Martin Corp. v. The Boeing Co.,* 2005 WL 5278461, * 3 (M.D. Fla. June, 2006).  Confidential information "includes sales and marketing plans, financial forecasts, margin, pricing, design, cost and customer information among the types of information that, in the proper circumstance, may not be disclosed to individuals engaged in competitive decisionmaking."  *Id.* (citing *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1468 n. 3 (Fed. Cir. 1984); *United States v. Dentsply Int'l Inc.,* 187 F.R.D. 152, 161-162 (D.Del. 1999)).

Victory seeks records that it could use to undercut its competitors.  But courts do not place litigants at an unfair trade advantage with competitors and frequently address these sorts of concerns to prevent adverse consequences to businesses.  The specific information that Victory seeks from competitors – including information regarding purchases, sales and pricing of Perry Ellis fragrances; and the "value" of the fragrances of  Perry Ellis – would be extremely useful to a competitor.  But meanwhile this information is completely irrelevant to the claims in this litigation.

**C.    The Documents Sought are Irrelevant.**

In addition to being vague and ambiguous, among other things, the subpoenas duces tecum request information that is irrelevant and offer Victory no assistance in proving its claims. The only claim that the documents Victory seeks could possibly relate to is count 1, the antitrust claim.  But the reality is that the documents are not relevant even to that claim because the

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

(flawed) legal theory under which Victory hopes to travel is that the defendants engaged in a concerted refusal to deal (or group boycott) with Victory.  Therefore, the price and quantity of the products that the non-party entities purchased or sold is irrelevant.  Victory's claim is that the fourteen defined defendants in this case boycotted Victory.  What the Fragrance Dealers paid for fragrances has no logical (or illogical) relationship to the group boycott claim.

As to price, the exclusive license-holder can charge whatever it believes the market will bear for Perry Ellis products.  Moreover, price competition is unaffected whether the exclusive licensee is FFG, Victory or anyone else.  Under any scenario, the exclusive licensee has the exclusive (and permissible) right to set price.  This is undoubtedly why Victory's Florida lawyers abandoned the price-fixing theory that was briefly urged by Victory's (briefly retained) New Jersey lawyers.

### D.      A Stay is Warranted

At a minimum, the Court should stay this discovery against the Fragrance Dealers pending a resolution of the various pending motions to dismiss.  Good cause to stay discovery exists when a preliminary motion may dispose of the issues. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 686, 692 (M.D. Fla. 2003).  The Eleventh Circuit has found that a district court did not abuse its discretion by staying discovery where pending dispositive motions gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact. *Patterson v. United States Postal Service,* 901 F.2d 927 (11th Cir. 1990); *see also Martinez v. N.P. Rittenhouse,* No. Civ. 07-CV-02087*,* 2008 WL 1883596 (D. Colo. April 25, 2008) (entering a stay of discovery until the resolution of a Motion for Summary Judgment); *String Cheese Incident, LLC. v. Stylus Shows, Inc.,* No. 1:02-CV-01934-LTB-PA., 2006 WL 894955 (March 30, 2006) (entering a 30 day stay where  pending a ruling on a motion

6

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

to dismiss where neither side would be unduly prejudice).

In this case, all the defendants have moved to dismiss all the claims in the complaint. Moreover, if the Court accepts the defendants' arguments regarding the antitrust claim under the Sherman Act, no other basis for federal jurisdiction is alleged in the Complaint, and the Court may decline to assert jurisdiction over the balance of the (insufficiently pled) tort claims.

Under these circumstances, the parties will not be prejudiced if the Court enters a brief stay of the discovery posed against non-parties in order to resolve the pending motions to dismiss. Significantly, however, the non-party subpoenaed entities will be spared the huge burden and expense of producing the tens of thousands of documents Victory has demanded. (*See Non-Parties, M & R Distribs., Inc.'s, Nandansons Int'l, Inc., E.T. Perfumes, Inc., and General Perfume & Cosmetic Distribs., Inc.'s Objections to Subpoenas Duces Tecum for Production by Plaintiff Victory International,(USA) LLC*. ("DFA client's Motion") 2 ¶ A.)   As the DFA clients emphasize in their objections, the documents Victory seeks contain sensitive business information which will be revealed to a competitor, including information on pricing, suppliers, and customers. (*Id.* ¶ C).  At this juncture, a stay of discovery is imminently reasonable in order to make the most efficient use of judicial resources.

Finally, Victory is blatantly attempting to maneuver around the objections entered by the Duty Free Defendants in the Duty Free Defendants' Response to Victory's First Request for Production of Documents.  For example, request No. 4 in the subpoenas duces tecum is, "All Documents and ESI [Electronically Stored Information] relating to the value of Perry Ellis fragrances during the time period January 1, 2005 to the present date."  Request No. 21 to the Duty Free Defendants in Victory's request for production is, "Documents and ESI relating to the value of the Perry Ellis Fragrance License."  The Duty Free Defendants appropriately objected to

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

these requests; now Victory hopes to obtain the information through the back door.

WHEREFORE, the Duty Free Defendants respectfully request that the Court enter an order barring Victory from obtaining the specific information sought from these non-party Fragrance Dealers, or alternatively, staying the discovery until all the motion to dismiss are resolved.

Respectfully submitted,

COFFEY BURLINGTON
Counsel for Defendants Duty Free Americas, Inc., Falic Fashion Group, LLC, Simon Falic, Jerome Falic and Leon Falic
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel:  305-858-2900
Fax:  305-858-5261

By: /s Paul Schwiep
    Paul J. Schwiep, Florida Bar No. 823244
    pschwiep@coffeyburlington.com
    Gabriel Groisman, Florida Bar No. 25644
    ggroisman@coffeyburlington.com

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for Case 1:08-cv-20395-PCH.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.


By:   s/Paul J. Schwiep

Coffey Burlington

Office In The Grove, Penthouse   2699 South Bayshore Drive   Miami, Florida 33133
T:  305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com