UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20395-Civ-Huck/O'Sullivan

VICTORY INTERNATIONAL (USA) LLC,

    Plaintiff,

vs.

PERRY ELLIS INTERNATIONAL,
INC., et al.,

    Defendants.
_____/

## ORDER OF CONFIDENTIALITY

This matter having come before the Court on the parties' Joint Motion for the Entry of Confidentiality Order, and the Court having reviewed the file and hereby being fully advised in the premises hereby ORDERS AND ADJUDGES, pursuant to Fed. R. Civ. P. 26(c), and in order to protect the confidentiality of information to be revealed in this lawsuit, as follows:

    A.    <u>Scope</u>. Confidential information, in accordance with paragraph B of this Order, once produced to a party in this litigation, shall be used solely for purposes of this litigation (including any appeal) and not for any other purpose, and then solely according to the terms, conditions and restrictions of this Order. This Order applies only to documents that are designated as confidential in accordance with paragraph B, and does not require production of documents timely objected to on any other grounds.

    B.    <u>Designation</u>.

        1.    Any party to this action, or any nonparty who elects to be covered by this Order, who, in discovery, produces or discloses any document, thing, or information may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" information. For purposes of this Order, "CONFIDENTIAL" information shall mean all information and material which is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain proprietary or confidential material or information which the designating party desires not to be made public, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own "CONFIDENTIAL" information is not

precluded by this Order from disclosing or using that "CONFIDENTIAL" information in any manner as it may deem fit. For purposes of this Order, "CONFIDENTIAL–ATTORNEYS EYES ONLY" information shall mean all information and material produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain trade secrets, proprietary technology, or other confidential research, development, design, financial data, business plans, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which is of a sensitive nature that could cause competitive harm if disclosed to a receiving party, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own "CONFIDENTIAL–ATTORNEYS EYES ONLY" information is not precluded by this Order from disclosing or using that "CONFIDENTIAL–ATTORNEYS EYES ONLY" information in any manner as it may deem fit.

2. With respect to documents and other tangible materials, prior to production, the parties and any non-party that wishes to invoke the protections of this stipulation and order shall stamp or write the words "Confidential – Case No. 08-20395-Civ-HUCK/O'SULLIVAN (S.D. Fla.)" or "Confidential – Attorneys' Eyes Only – Case No. 08-20395-Civ-HUCK/O'SULLIVAN" on any documents or items that any party claims to contain confidential material.

3. A party or a witness may designate any portion of a deposition transcript (including exhibits) or videotape as containing "Confidential" or "Confidential-Attorneys' Eyes Only" information by so stating on the record during the deposition or in writing to all parties within 30 days of the receipt of the transcript. If designated during the deposition, the reporter and videographer (if any) shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so designated; a deposition transcript or videotape containing "Confidential" or "Confidential-Attorneys' Eyes Only" information shall be marked on the cover "Confidential" and/or "Confidential-Attorneys' Eyes Only" and shall indicate as appropriate within the transcript and on the videotape that the information has been so designated. If designated as "Confidential" or "Confidential-Attorneys' Eyes Only" subsequent to the deposition but within 30 days of receipt of the transcript, designated portions of the deposition shall be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the terms of this Order. Nothing in this Stipulation and Protective Order shall prevent an employee of a party or Outside Litigation Counsel (as defined herein) from attending any deposition, except that only persons entitled to receive "Confidential" or "Confidential-Attorneys' Eyes Only" information shall be present when such information is disclosed at a deposition.

4. To designate any material "Confidential" or "Confidential-Attorneys' Eyes Only," the producing person must have a reasonable good faith belief that the information constitutes a trade secret or other confidential research, development, or commercial information. Any information not designated as "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the procedures set forth herein shall not be covered by this Order of Confidentiality.

5. If any party or producing non-party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for reasons shown and for extraordinary grounds.

6. If a party believes that a document designated or sought to be designated Confidential or "Confidential-Attorneys' Eyes Only," by the producing party does not warrant such designation, the party shall, within 10 business days of receipt of the document, send a letter to the producing party objecting to the designation and explain the basis for the objection and the parties shall make a good-faith effort to resolve the dispute. In the event that such a dispute cannot be resolved by the parties, the party that wishes to keep the document confidential must file a motion for protective order within two weeks of the meet and confer conference between counsel. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7. Where materials are produced to any party without being designated confidential, those materials shall not be confidential pursuant to the terms hereof as to any other party.

8. The entry of this Order does not prohibit any producing person who objects to the production of documents from objecting to such production on the grounds of relevance or for any other reason (except that the documents are confidential or proprietary). If documents are redacted, the producing party must promptly serve a redaction log.

C. **Treatment of Documents.**

1. Except with the prior consent of the producing party or upon prior order of this Court," information from documents or testimony designated "Confidential" shall not be disclosed by any party or any party's counsel to any person other than the following:

a. outside counsel for the parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation (collectively "Outside Litigation Counsel");

b. officers, directors, and current employees of each of the parties, including their parents, subsidiaries, and affiliates, and individual defendants, where such disclosure is deemed by Outside Litigation Counsel to be necessary for the prosecution or defense of the claims in this action;

c. outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for a party, including, but not limited to, accountants, statisticians, economists and other experts, and the employees of such persons (collectively "Outside Litigation Assistants");

d. the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape any testimony, including deposition testimony, in this action;

    e. any person who wrote or received the document designated "Confidential";

    f. during depositions only, any person who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document; and

    g. persons who were employed by the party producing the document designated "Confidential" at the time when the document was written and who are assisting counsel in the prosecution or defense of this action, where such disclosure is deemed by Outside Litigation Counsel to be necessary for the prosecution or defense of the claims in this action.

  2. Except with the prior consent of the producing party or upon prior order of this Court, information from documents or testimony designated "Confidential-Attorneys' Eyes Only" shall not be disclosed to any person other than the following:

    a. attorneys for the parties in this action, including in-house counsel, and paralegal, secretarial, and clerical personnel assisting such counsel;

    b. videographers, court reporters and their necessary stenographic and clerical personnel;

    c. photocopy services employed or retained by the receiving party's outside counsel;

    d. data entry or data processing staff who are employed or retained by the receiving party or its outside counsel who are assisting in the development or use of data retrieval systems in connection with this action;

    e. staff of drafting, graphics firms, and jury consultants employed or retained by the receiving party's outside counsel;

    f. independent outside experts or consultants (an independent outside expert or consultant being a person not employed by a party except to serve as an expert or consultant in this case) together with secretarial, clerical, and support personnel (collectively "the expert support staff") normally employed by such experts or consultants in the course of their activities;

    g. this Court and Its personnel;

    h. authors or recipients of a document;

    i. mock jurors retained by a party in this action, excluding officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party, provided, however, that each mock juror executes a confidentiality agreement

concerning his or her use of the Confidential material.

        3. The recipient of any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use to preserve the confidentiality of such information.

        4. In the event that counsel for any party decides to file with or submit to the Court any "Confidential" or "Confidential-Attorneys' Eyes Only" information, the following procedures shall be used:

        a. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the court and any pretrial pleading, motions or other papers filed with the Court disclosing any "Confidential" or "Confidential-Attorneys' Eyes Only" information shall be filed under seal and kept under seal until further order of this Court.

        b. The parties agree to refrain, whenever possible, from including "Confidential" or "Confidential-Attorneys' Eyes Only" information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents, and the court's docket sheet reflecting those titles, may remain public.

        c. All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Filings containing "Confidential" or "Confidential-Attorneys' Eyes Only" information may be filed under seal in their entirety. If a filing containing such information is not placed under seal in its entirety, those portions containing "Confidential" or "Confidential-Attorneys' Eyes Only" information must be separated from the pleading and placed in an envelope bearing the caption of this case, the name of the filing, and the legend "Filed Under Seal." The clerk's office shall maintain the filing under seal, pending a ruling from the Court that such filing shall not remain under seal.

        D. <u>Inadvertent Disclosure</u>. The inadvertent or unintentional disclosure by the producing party of "Confidential" or "Confidential-Attorneys' Eyes Only" information which it believes should have been designated as "Confidential" or "Confidential-Attorneys' Eyes Only" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter. Upon discovery of an inadvertent or unintentional disclosure by the producing party, that party shall promptly notify all recipients of the information of this error, and counsel for the parties shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information.

        E. <u>Compliance</u>. Counsel for the respective parties shall take reasonable steps to obtain compliance with the terms of this Order. Reasonable steps shall include advising any party or person who is not an employee or on the staff of the law firm or independent contractors providing services directly to the law firm to whom "Confidential" or "Confidential-Attorneys'

Eyes Only" documents are disclosed of the disclosure limitations imposed by this Order and obtaining their prior consent to be bound by the terms of this Order prior to releasing any materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to any such person. All such persons (including experts) not parties to this action to whom "Confidential" or "Confidential-Attorneys' Eyes Only" documents are disclosed shall execute and be bound by the provisions of the Undertaking set forth in the accompanying Exhibit A. Counsel for the parties also shall be responsible for maintaining a list of all persons to whom confidential documents are disclosed.

F. <u>Return of Confidential Documents and Other Discovery</u>. Confidential documents and all copies thereof shall be returned to the producing party within thirty (30) business days of the conclusion of this lawsuit, including the expiration of all time periods for the filing of appeals.

G. <u>Enforcement</u>. This Order may be enforced by all appropriate means, including the filing a motion before this Court or the filing of a lawsuit in any appropriate forum. The prevailing party in any motion or lawsuit filed to enforce any of the terms of this Order of Confidentiality, shall be entitled to an award of attorneys' fees and costs expended in litigating the particular motion or lawsuit.

DONE and ORDERED in Chambers at Miami, Florida this 20 day of May, 2008.

_____
HONORABLE JOHN O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20395-CIV-HUCK/O'SULLIVAN

VICTORY INTERNATIONAL (USA), INC.,

    Plaintiff,

v.

PERRY ELLIS INTERNATIONAL, INC.,
GEORGE FELDENKREIS, OSCAR
FELDENKREIS, GLENN NUSSDORF,
QUALITY KING DISTRIBUTORS, INC.,
ILIA LEKACH, FRANK BUTTACAVOLI,
RENE GARCIA, FALIC FASHION GROUP,
INC., SIMON FALIC, LEON FALIC, JEROME
FALIC, DUTY FREE AMERICAS, INC. and
FRAGRANCE BRAND DEVELOPMENT, LLC,

    Defendants.
_____/

## UNDERTAKING OF AFFIANT

STATE OF _____ )
                      ) ss.
COUNTY OF _____ )

    I, _____, being duly sworn, state that:

1.     My present address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I have received a copy of the Order of Confidentiality in this case signed by The Honorable John O'Sullivan on _____, 2008 (the "Order").

5.     I have carefully read and understand the provisions of the Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Order, any "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" information or any portion or substance thereof provided to me in the course of this litigation.

7. I will return all materials containing "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

8. I understand that if I violate the provisions of this Order that I may be subject to, among other things, sanctions by the Court.

9. I hereby submit to the jurisdiction of this Court for the purpose of this Order against me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____         _____
                                 [SIGNATURE]

    Print or type name:   _____

    Title:                _____

    Business Affiliation: _____

    Address:              _____

                          _____

    Telephone:            _____