UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-20395-CIV-HUCK/O'SULLIVAN

VICTORY INTERNATIONAL
(USA), LLC,

    Plaintiff,

v.

PERRY ELLIS INTERNATIONAL,
INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Quality King Distributors, Inc.'s and Glenn Nussdorf's Motion for Attorneys' Fees and Costs (DE # 389, 12/8/08). This matter was referred to the undersigned by the Honorable Paul C. Huck pursuant to 28 U.S.C. 636.[1] Having reviewed the applicable filings and the law and having held a hearing on March 6, 2009, the undersigned **RECOMMENDS** that Quality King Distributors, Inc.'s and Glenn Nussdorf's Motion for Attorneys' Fees and Costs (DE # 389, 12/8/08) be **GRANTED on the issue of entitlement** and that the instant defendants be permitted fifteen (15) days to brief and submit their application for reasonable fees and costs.

## BACKGROUND

This matter was transferred from the United States District Court for the District

---

[1] The Court's Order also referred defendant Rene Garcia's Verified Motion for Attorney's Fees (DE # 392, 12/8/08). On March 30, 2009, the undersigned issued an Order (DE# 412) denying Mr. Garcia's motion as moot following notice that the parties had reached an agreement.

of New Jersey on February 14, 2008.[2] On March 31, 2008, the plaintiff filed its Second Amended Complaint. See Second Amended Complaint (DE# 153, 3/31/08). The Second Amended Complaint alleged the following causes of action against defendants Quality King Distributors, Inc. (hereinafter "Quality King") and Glenn Nussdorf (collectively, "the instant defendants"): Conspiracy in Restraint of Trade in Violation of Section 1 of the Sherman Act, Tortious Interference with Business Relationship, Tortious Interference with Prospective Business Relationship, Conspiracy to Tortiously Interfere with Business Relationship, Conspiracy to Tortiously Interfere with Prospective Business Relationship, Common Law Unfair Competition and Violation of the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"). Id.[3]

Several defendants moved to dismiss the amended complaint. Quality King filed its motion to dismiss the amended complaint on April 15, 2008. See Defendant Quality King Distributors, Inc.'s Motion and Memorandum of Law to Dismiss the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 165, 4/15/08). Glenn Nussdorf filed his motion to dismiss the amended complaint on May 19, 2008. See Defendant Glenn Nussdorf's Motion and Memorandum of Law to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (DE# 225, 5/19/08).

On June 4, 2008, the Court held a hearing on Quality King and other defendants'

---

[2] The Order transferring the case to this Court also dismissed the complaint without prejudice as to defendant Glenn Nussdorf. See Order (DE# 114 at 1, 2/14/08).

[3] The plaintiff alleged these and other claims against defendants Perry Ellis International, Inc., George Feldenkreis, Ilia Lekach, Frank Buttacavoli, Rene Garcia, Falic Fashion Group, LLC, Simon Falic, Leon Falic, Jerome Falic, Duty Free Americas, Inc. and Fragrance Brand Development, LLC -- these defendants are not relevant to the instant motions. See Second Amended Complaint (DE# 153, 3/31/08).

motions to dismiss.[4] See Minutes (DE# 262, 6/9/08). A second hearing was held on June 10, 2008. See Amended Notice of Hearing (DE# 258, 6/5/08). On June 12, 2008, the Court issued its Order on Defendants' Five Motions to Dismiss (DE# 266, 6/12/08). The Court dismissed with prejudice the claim for a violation of the Sherman Antitrust Act. The remaining counts against defendants Quality King and Mr. Nussdorf, including the FDUTPA count, were dismissed without prejudice. Id.

On June 18, 2008, the plaintiff moved to correct the Court's Order on the motions to dismiss. See Plaintiff's Motion to Correct and Reconsider in Part the Order on Defendants' Five Motions to Dismiss (DE# 272, 6/18/08). The plaintiff argued that the Court's written order should be amended because it exceeded the reasons announced at the oral argument. The plaintiff's motion was denied on July 28, 2008. See Order on Plaintiff's Motion to Correct or Reconsider (DE# 366, 7/28/08).

On June 23, 2009, the plaintiff filed its Third Amended Complaint (DE# 282, 6/23/09). The plaintiff did not re-plead its claims against defendants Quality King and Glenn Nussdorf in the Third Amended Complaint. Id. The plaintiff filed Stipulations for Dismissal with Prejudice against the remaining defendants Duty Free Americas, Inc., Falic Fashion Group, LLC, Simon Falic, Leon Falic, and Jerome Falic (DE# 371, 7/31/08) and defendants Perry Ellis International, Inc., George Feldenkreis and Oscar Feldenkreis (DE# 373, 8/8/08).

---

[4] The Court did not rule on Defendant Glenn Nussdorf's Motion and Memorandum of Law to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (DE# 225, 5/19/08) because it was not ripe at the time of the hearing. The Court denied as moot Mr. Nussdorf's motion to dismiss on July 25, 2008. See Order (DE# 358, 7/25/08).

On July 18, 2008, defendants Quality King and Glenn Nussdorf filed a Motion Seeking the Court to Schedule a Telephonic Conference to Discuss Entry of a Final Judgment and Setting a Briefing Schedule for Application of Attorney's Fees' (DE# 374, 8/18/08). On September 2, 2008, the Court entered an Order of Dismissal with prejudice. See Order of Dismissal (DE# 376, 9/2/08).

On September 30, 2008, the instant defendants filed a motion for the entry of a final judgment. See Quality King Distributors, Inc.'s and Glenn Nussdorf's Motion for Entry of Final Judgment (DE# 377). The Court granted the instant defendants' motion (DE# 387) and entered a final judgment (DE# 388) against the plaintiff and in favor of defendants Quality King and Glenn Nussdorf on November 7, 2008.

On December 8, 2008, the instant defendants moved for attorney's fees and costs under FDUTPA. See Quality King, Inc.'s and Glenn Nussdorf's Motion for Attorneys' Fees and Costs (DE# 389, 12/8/08). The plaintiff filed its response on January 16, 2009. See Plaintiff's Response in Opposition to Defendants Quality King Distributors, Inc. and Glenn Nussdorf's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (DE# 402, 1/16/09). The instant defendants filed their reply on February 2, 2009. See Reply Memorandum of Quality King Distributors, Inc. and Glenn Nussdorf in Further Support of Their Motion for Attorney's Fees and Costs (DE# 403, 2/2/09).

The plaintiff moved to bifurcate the issue of entitlement. See Plaintiff's Agreed Motion to Bifurcate the Issue of Defendants' Entitlement to Attorneys' Fees and Costs from Amount of Award, to Establish Briefing Schedule on the Issue of Entitlement and Incorporated Memorandum of Law (DE# 399, 12/18/08). On December 19, 2008, the

undersigned granted the plaintiff's motion and entered an Order bifurcating the entitlement issue. See Order on Agreed Motion to Bifurcate the Issue of Defendants' Entitlement to Attorneys' Fees and Costs from Amount of Award and to Establish Briefing Schedule on the Issue of Entitlement (DE# 400, 12/19/08). Thus, the sole issue before the undersigned at this time is whether under FDUTPA the instant defendants are entitled to recover fees and costs. The amount of reasonable fees and costs to be awarded will be addressed at a later time.

On March 6, 2009, the undersigned held a hearing on the issue of the instant defendants' entitlement to fees and costs under FDUTPA.

## ANALYSIS

The instant defendants seek attorney's fees and costs pursuant to FDUTPA. FDUTPA's fee provision provides as follows:

> In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, **may** receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105 (1) (emphasis added). An award of attorney's fees under FDUTPA's fee provision is discretionary. Humane Soc. of Broward County, Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007).

The plaintiff argues that the Court should exercise its discretion in denying the instant defendants' requested fees and costs. See Plaintiff's Response in Opposition to Defendants Quality King Distributors, Inc. and Glenn Nussdorf's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (DE# 402 at 1, 1/16/09). According to the plaintiff, awarding the instant defendants fees and costs under

FDUTPA would be "patently unfair and unwarranted [because] . . . . [t]his case never went to trial and was never decided on the merits. [The plaintiff] voluntarily dropped [the instant defendants] as parties to this case on June 23, 2008, before any of the [d]efendants ever filed answers or motions for summary judgment." Id. at 2.

The instant defendants respond that the FDUTPA statute does not require a judgment on the merits. See Reply Memorandum of Quality King Distributors, Inc. and Glenn Nussdorf in Further Support of their Motion for Attorneys' Fees and Costs (DE# 403 at 3 - 4, 2/2/09). According to the defendants, they should be awarded attorney's fees and costs because they are the prevailing parties under FDUTPA and have satisfied section 501.2105(1), Florida Statutes, which merely requires a "judgment in the trial court and exhaustion of all appeals." Id. The defendants further argue that even assuming, arguendo, that a judgment on the merits is required under FDUTPA, the Court's Rule 12(b)(6) order of dismissal is a judgment on the merits. Id. at 4.

The plaintiff points out that "if instead of only voluntarily dropping [the instant defendants] as parties, [the plaintiff's former counsel] would have also simply filed a Notice [of] Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I), [the instant defendants] would have been absolutely precluded from seeking attorneys' fees and costs in this case. See Plaintiff's Response in Opposition to Defendants Quality King Distributors, Inc. and Glenn Nussdorf's Motion for Attorneys' Fees and Costs and Incorporated Memorandum of Law (DE# 402 at 2, 1/16/09). The instant defendants dispute the plaintiff's position arguing that "[c]ase law (including that cited by [the plaintiff]) supports the proposition that a plaintiff cannot voluntarily dismiss a case after it has already been dismissed by a court." See Reply Memorandum of

6

Quality King Distributors, Inc. and Glenn Nussdorf in Further Support of their Motion for Attorneys' Fees and Costs (DE# 403 at 1-2, 2/2/09). The undersigned does not need to determine whether filing a notice of voluntary dismissal would have been appropriate in light of the district court's prior dismissal of the plaintiff's FDUTPA claim without prejudice. The issue is academic because the plaintiffs did not, in fact, file a notice of voluntary dismissal in the instant case.

The undersigned finds that reasonable fees and costs should be awarded in the instant case under FDUTPA. The instant defendants are the prevailing parties on the FDUTPA claim as evidenced by the Final Judgment (DE# 388, 11/7/08) entered in favor of the instant defendants and against the plaintiff. The undersigned is not persuaded by the plaintiff's argument that the defendants did not obtain a judgment on the merits.[5] Rule 41(b) of the Federal Rules of Civil Procedure states, in part, that: "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and **any dismissal not under this rule**--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--**operates as an adjudication on the merits**." Fed. R. Civ. P. 41(b) (emphasis added); see also NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (stating that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'").

## CONCLUSION

The undersigned finds that an award of reasonable attorney's fees and costs to the instant defendants is neither patently unfair nor unwarranted under the facts of the

---

[5] The undersigned assumes, without deciding, that FDUTPA's fee provision, Fla. Stat. § 501.2105, requires a judgment on the merits.

instant case. Accordingly, the undersigned respectfully recommends that the instant defendants' motions for fees and costs be **GRANTED** as to the issue of entitlement and that the instant defendants be permitted fifteen (15) days to brief and submit their application for reasonable fees and costs.

## RECOMMENDATION

In accordance with the foregoing, the undersigned **RECOMMENDS** that Quality King Distributors, Inc.'s and Glenn Nussdorf's Motion for Attorneys' Fees and Costs (DE # 389, 12/8/08) be **GRANTED as to entitlement**. The undersigned further recommends that the instant defendants be permitted fifteen (15) days to brief and submit their application for reasonable fees and costs.

The parties have ten (10) days from the date of receipt of the Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S. Ct. 397 (1988).

DONE AND ORDERED in Chambers at Miami, Florida this **5th** day of May, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
All counsel of record