UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20395-CIV-HUCK/O'SULLIVAN

VICTORY INTERNATIONAL (USA), LLC

    Plaintiff,

v.

PERRY ELLIS INTERNATIONAL, INC.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    This matter is before the Court upon Quality King Distributors, Inc. and Glenn Nussdorf's Motion for Attorneys Fees and Costs [D.E. #389] (the "Motion"). This matter was referred to Magistrate Judge John O'Sullivan for his report and recommendation pursuant to 28 U.S.C. § 636(b). Magistrate Judge O'Sullivan issued his Report and Recommendation On May 5, 2009 [D.E. #413] (the "Report") in which he recommended that the Motion be granted on the issue of entitlement and that the instant Defendants be given 15 days to submit their application for reasonable fees and costs. This Court entered an order on May 21, 2009 granting the parties 10 days from the Court's ruling on the issue of entitlement to file briefs and applications for reasonable fees and costs. The Plaintiff filed an objection to the Report and the instant Defendants responded.

    The Court has reviewed *de novo* the Motion and related documents, the Report, the Plaintiff's objection to the Report, the Defendants' response to the objections and the pertinent portion of the record. The Court finds that Magistrate Judge O'Sullivan has thoroughly, carefully and appropriately reviewed the facts and legal issues related to the Motion in arriving at his recommendations contained in the Report. After its review of the record, the Court adopts the findings of fact and conclusions of law set forth in the Report.

    The instant Defendants moved for attorney's fees pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). Under FDUPTA, courts have discretion to grant attorneys' fees and costs to a prevailing party. Fla. Stat. § 501.2105(1); *Humane Soc. of Broward County, Inc. v. Florida Humane Soc.*, 951 So. 2d 966, 968 (Fla. Dist. Ct. App. 2007). In *Humane Society of Broward County*, the court enumerated seven factors that a court might consider in determining whether to

exercise that discretion: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions -- including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. *Id*. at 971-972. Upon a review of this case in light of those factors, the Court finds that the factors either weigh in favor of awarding attorneys' fees or are neutral. There is no factor supporting the Plaintiff's position that the Court should not exercise its discretion and award attorneys to the instant Defendants. With respect to the scope and history of the litigation, the record shows that the Plaintiff should not have litigated this case and certainly not to the extent it did after it became clear that its claims appeared unfounded. Furthermore, despite the Plaintiff's claim that it could have voluntarily dismissed these defendants, the Court notes that it did not do that, but rather, it dropped the instant Defendants from its Third Amended Complaint. The Plaintiff's decision to drop those Defendants from its Third Amended Complaint suggest to the Court that those claims against them were not meritorious. Moreover, the Plaintiff's decision to drop the instant Defendants as parties came only after this matter was extensively litigated and after the Court dismissed the claim with leave to amend. Thus, the fourth and fifth factors regarding the merits of the parties positions and the unreasonableness of the claims also weigh in favor of awarding attorneys' fees to the instant Defendants. Lastly, the second, third and seventh factors do not weigh in favor of either party and the sixth factor is inapplicable here. In summary, the Court finds that when considering the relevant factors, they weigh in favor of the Court exercising its discretion to award attorneys' fees and costs to the instant Defendants regarding the FDUPTA claim brought by the Plaintiff.

Accordingly, the Court rejects the Plaintiffs request that it deny the instant Defendants' motion for attorneys' fees and costs and the Report is ADOPTED. Further, in accordance with the Court's Order dated May 21, 2009, the instant Defendants are given 10 days from the date of this Order to file briefs and applications for reasonable attorneys' fees and costs.

DONE in Chambers, Miami, Florida, this July 7, 2009.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record